[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16146

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00272-CV-ODE-1

GEORGE MARK TUGGLE,

Plaintiff-Appellee,

versus

VICTOR HILL,
Clayton County Sheriff, in both his
official and individual capacities,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 13, 2010)

Before EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,* District Judge.

PER CURIAM:

The main issue in this case is whether the district court erred in entering a judgment for punitive damages in the light of Plaintiff's earlier motion to dismiss the claim for punitive damages. We conclude that the district court did err and vacate the judgment for punitive damages.

While the jury in this civil action for damages was deliberating, the lawyers for both sides met in the presence of the district judge. Counsel for the Plaintiff said these words: "At this time, for the record, the Plaintiff would move to dismiss pursuant to Rule 41 the Plaintiff's malicious prosecution claim and the Plaintiff's claim for punitive damages. In addition, in order to secure the Defendant's consent . . . ."

Counsel for the Defendant agreed.

The district court said, "All right. Let's do it." Then, a recess was taken.

Some minutes later, the jury announced that it had reached a verdict. The jury had not been notified of Plaintiff's motion or of Defendant's agreement. The jury's award included several thousands of dollars in punitive damages. The

*Honorable William Henry Barbour, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

2

district court included the award of punitive damages in the district court's judgment.

We conclude that the judgment for punitive damages cannot stand. We accept that the Plaintiff's lawyer was mistaken when he referenced Rule 41 at the start of his motion to dismiss: a motion to dismiss not his entire action, but only some specific claims. But we believe that we are obliged to look at the substance of the motion, which was to drop certain claims while leaving the action before the jury. In our view, the rule that best governs the motion that was made is Rule 15(a)(2), which provides

> [A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

We are aware that Defendant did not enter a written consent in the usual way. But we are also aware that Defendant consented unambiguously on the record, which was being recorded and was transcribed by a court reporter. That consent was given is not debatable (and not debated) in this case. And that the consent is reflected in a written transcript of court proceedings is not debatable (and not debated) either. We recall that Rule 1 of Civil Procedure is that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." We conclude that the claim for punitive damages was dropped from the case when defense counsel consented on the record, which was being officially recorded and has since been transcribed.

3

Furthermore, we understand the district court's statement ("All right. Let's do it.") to be the grant of leave of court that is contemplated by Rule 15 or, if necessary, a modification of the pretrial order per Rule 16. The pertinent claim for punitive damages had dropped from the case. That the jury had not yet been notified is immaterial to us.

About the other issues in the appeal, we conclude that the district court did not abuse its discretion by refusing to declare a mistrial after the jury indicated they might be deadlocked; and we conclude that the district court did not abuse its discretion in denying Defendant's motion for a new trial: the damages were sufficiently supported by the evidence.

Accordingly, the judgment of the district court is vacated in part, and affirmed in part.

VACATED AND REMANDED.